```
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, Criminal Division
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0759
     Facsimile: (213) 894-2927
     E-mail:    khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-836-GW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| SAMAN DELAFRAZ and BENJAMIN DANESHGAR, | |
| Defendants. | **CURRENT TRIAL DATE:** 11/25/2025<br>**PROPOSED TRIAL DATE:** 9/22/2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant States Attorney for the Central District of California and Assistant United States Attorney Khaldoun Shobaki, and defendant SAMAN DELAFRAZ, both individually and by and through his counsel of record, Matthew Jacobs, and defendant BENJAMIN DANESHGAR (together, with DELAFRAZ, "defendants"), both individually and by and through his counsel of record, Alaleh Kamran and Gregory Bernstein hereby stipulate as follows:

1.   The Indictment in this case was filed on October 15, 2025. Defendants first appeared before a judicial officer of the court in

which the charges in this case were pending on September 16, 2025. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before December 24, 2025.

2.  On October 23, 2025, the Court set a trial date of November 25, 2025.

3.  Defendants are released on bond pending trial.  The parties estimate that the trial in this matter will last approximately 12 days.  All defendants are joined for trial and a severance has not been granted.

4.  By this stipulation, defendants move to continue the trial date to September 22, 2026.  This is the first request for a continuance.

5.  Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

   a.  Defendants are charged with a violation of 18 U.S.C. § 1956(h): Conspiracy to Commit Money Laundering.  The government has produced discovery to the defense, including 37,037 pages of written reports, documents, and records.  The government has represented that it anticipates producing additional discovery, including written materials, surveillance video, and images of digital devices.

   b.  Counsel for defendants represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would

1  deny them reasonable time necessary for effective preparation, taking
2  into account the exercise of due diligence.
3           c.    Defendants believe that failure to grant the
4  continuance will deny them continuity of counsel and adequate
5  representation.
6           d.    The government does not object to the continuance.
7           e.    The requested continuance is not based on congestion
8  of the Court's calendar, lack of diligent preparation on the part of
9  the attorney for the government or the defense, or failure on the
10 part of the attorney for the Government to obtain available
11 witnesses.
12    6.    For purposes of computing the date under the Speedy Trial
13 Act by which defendant's trial must commence, the parties agree that
14 the time period of November 25, 2025 to September 22, 2026,
15 inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A),
16 (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a
17 continuance granted by the Court at defendant's request, without
18 government objection, on the basis of the Court's finding that: (i)
19 the ends of justice served by the continuance outweigh the best
20 interest of the public and defendant in a speedy trial; (ii) failure
21 to grant the continuance would be likely to make a continuation of
22 the proceeding impossible, or result in a miscarriage of justice; and
23 (iii) failure to grant the continuance would unreasonably deny
24 defendant continuity of counsel and would deny defense counsel the
25 reasonable time necessary for effective preparation, taking into
26 account the exercise of due diligence.
27    7.    Nothing in this stipulation shall preclude a finding that
28 other provisions of the Speedy Trial Act dictate that additional time

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: November 10, 2025          Respectfully submitted,

BILAL A. ESSAYLI
First Assistant United States Attorney

IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division

_____
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//
//
//

4

I am SAMAN DELAFRAZ's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 22, 2026, is an informed and voluntary one.

_____                  11/9/2025
MATTHEW JACOBS                             Date
Attorney for Defendant
SAMAN DELAFRAZ

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than September 22, 2026.  I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 22, 2026 at 9:00 a.m.

_____                  11/9/2025
SAMAN DELAFRAZ                             Date
Defendant

//
//
//

1   I am BENJAMIN DANESHGAR's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than September 22, 2026, is an informed and voluntary one.

| alaleh kamran- /ss// | 11/08/2025 |
|---|---|
| ALALEH KAMRAN<br>GREGORY BERNSTEIN<br>Attorneys for<br>Defendant BENJAMIN DANESHGAR | Date |

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date and give up my right to be brought to trial earlier than September 22, 2026.  I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 22, 2026 at 9:00 a.m.

| [signature] | 11/08/2025 |
|---|---|
| BENJAMIN DANESHGAR<br>Defendant | Date |